Rodney JOHNSON, also known as Ted Johnson, Plaintiff–Appellant,

v.

Scott CONSTANTELLIS, et al., Defendants–Appellees.

No. 06–0207–pr.

United States Court of Appeals, Second Circuit.

March 6, 2007.

Ted Johnson, Attica, NY, for Plaintiff–Appellant, pro se.

Scott Shorr, Senior Counsel, Michael A. Cardozo, Corporation Counsel, City of New York Law Department, New York, NY, for Defendants–Appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Ted Johnson appeals from a September 20, 2005 order of the United States District Court for the Southern District of New York (Stein, *J.*), adopting the August 10, 2005 report and recommendation of Magistrate Judge Maas and granting the defendants and denying Johnson summary judgment. *See Johnson v. Constantellis,* No. 03 Civ. 1267, 2005 WL 2291195 (S.D.N.Y. Aug. 10, 2005) (Maas, *M.J.*). We assume the parties' familiarity with the facts, procedural background and issues presented for review.

We review de novo a district court's grant of summary judgment, viewing the facts in the light most favorable to the non-moving party. *See Covington v. City of New York,* 171 F.3d 117, 121 (2d Cir. 1999). Summary judgment is appropriate only if "there is no genuine issue as to any

material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

■ *October 3, 2000 Invasion of Privacy Claim.* Johnson alleges that a group of unidentified police officers entered his apartment without a warrant while he was absent. The defendants were entitled to summary judgment because Johnson put forth no evidence to support this claim other than his own (inadmissible) statement that various "witnesses that live in the same building" saw police enter his apartment. *See* Fed.R.Evid. 802; *Patterson v. County of Oneida,* 375 F.3d 206, 219 (2d Cir.2004).

■ *October 3, 2000 False Arrest Claim.* Arrests made with probable cause are lawful. *Singer v. Fulton County Sheriff,* 63 F.3d 110, 118 (2d Cir.1995). The police officers who arrested Johnson had a valid arrest warrant; Johnson's arguments as to why there was no probable cause are meritless. Any mistakes Officer Garcia made in estimating Johnson's height, weight, and age do not render the warrant defective since it identified him by name and address.

■ *August 6, 2001 False Arrest Claim.* Even assuming that Johnson properly added Detective Block as a defendant in this action, Block's actions on August 6, 2001 were lawful because he had probable cause once he spoke to the complainant Anita McReynolds and to the officer who personally witnessed the alleged July 12, 2001 assault.

■ *Leave to Amend.* The district court did not abuse its discretion by granting summary judgment and dismissing the action without giving Johnson leave to amend his complaint to add as defendants previously unidentified officers and to further pursue the identities of other officers. *See Ansam Assocs., Inc. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2d Cir.1985). Defendants had already moved for summary judgment after discovery. And we agree with the district court that the amendment would have been futile. Johnson's failure to name these officers in his original complaint was not a mistake, which would justify amendment under Federal Rule of Civil Procedure 15(c); Johnson's failure resulted from his lack of knowledge of the officers' identity, and therefore the amendment would not have related back to the date of the original complaint for the purpose of the (by then expired) statutes of limitations. *See Tapia–Ortiz v. Doe,* 171 F.3d 150, 152 (2d Cir.1999); *Barrow v. Wethersfield Police Dep't,* 66 F.3d 466, 470 (2d Cir.1995), *modified,* 74 F.3d 1366 (2d Cir.1996) (per curiam).

■ *Malicious Prosecution Claims.* To demonstrate a malicious prosecution claim under Section 1983 or New York law, Johnson must show "(1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice." *Kinzer v. Jackson,* 316 F.3d 139, 143 (2d Cir.2003). If probable cause existed at the time of arrest, it continues to exist at the time of prosecution unless undermined "by the discovery of some intervening fact." *Id.* at 144 (internal quotation marks omitted). Johnson's arguments here repeat his challenges to the probable cause underlying his arrests (arguments we have rejected), and complain about the prosecutors' lack of readiness to try his misdemeanor cases.

But he puts forth no evidence as to how the probable cause that supported his arrests had dissipated, and certainly no evidence that the prosecutors acted with malice.

 *Municipal Liability.* Municipalities cannot be held liable under Section 1983 for the acts of their employees unless a plaintiff shows: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold,* 48 F.3d 674, 685 (2d Cir.1995) (internal quotation marks omitted). Johnson alleges that the city failed to investigate allegations of malicious prosecution he lodged soon after his misdemeanor cases were dismissed, and that this constituted a policy or practice that should give rise to municipal liability. Any such failure to investigate was not a "policy or custom" contributing to the harm he suffered, because all of the harms Johnson alleges occurred before he filed any complaint with the city.

We have considered all of Johnson's remaining arguments and find them to be without merit for the reasons stated in the district court opinion and in the report and recommendation of Magistrate Judge Maas. For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**